**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JARED GOYETTE, *et al.*,

               Plaintiffs,

v.

DAVID HUTCHINSON, *Hennepin County Sheriff, in His Individual and Official Capacity*,

               Defendant.

Civil No. 20-1302 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING INDICATIVE RULING**

---

Adam W. Hansen, **APOLLO LAW LLC**, 333 Washington Avenue North, Suite 300, Minneapolis, MN 55401; Anthony Todd, Meredith Shippee, Stephen D. Hamilton, and Timothy R. Carwinski, **REED SMITH, LLP**, 10 South Wacker Drive, Suite 4000, Chicago, IL 60606; Blake Shepard, Jr. and Mark H. Thieroff, **SIEGEL BRILL, P.A.**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 55401; Caitlin Anne Chambers, **REED SMITH**, 1221 McKinney Street, Suite 2100, Houston, TX 77010; Colin R. Reeves, **APOLLO LAW LLC**, 1000 Dean Street, Suite 101, Brooklyn, NY 11238; Edward B. Schwartz, Frederick Robinson, Jamie Lanphear, and Jonathan L. Marcus, **REED SMITH LLP**, 1301 K Street Northwest, Suite 1000 East Tower, Washington, DC 20005; Erik Money, Karen Gotsdiner Schanfield, Pari McGarraugh, and Rachel Dougherty, **FREDRIKSON & BYRON, P.A.**, 60 South Sixth Street, Suite 1500, Minneapolis, MN 55402; Kevin Hara, **REED SMITH, LLP**, 101 Second Street, Suite 1800, San Francisco, CA 94105; Kevin C. Riach, 125 Main Street Southeast, Suite 339, Minneapolis, MN 55412; and Teresa J. Nelson, **ACLU OF MINNESOTA**, P.O. Box 14720, Minneapolis, MN 55414, for Plaintiffs.

Devona L. Wells and Sarah C. S. McLaren, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite A2000, Minneapolis, MN 55487, for Defendant.

Nine journalists initiated a civil rights action against various law enforcement officials and agencies for violating their constitutional rights while covering the protests of the police killings of George Floyd and Daunte Wright.  Former Hennepin County Sheriff David Hutchinson filed an interlocutory appeal challenging the Court's denial of qualified immunity in the individual capacity action against him.  Plaintiffs now move to voluntarily dismiss their individual capacity action against Hutchinson so that they can proceed to trial against him in his official capacity without interlocutory appellate review.  Because the Court lacks jurisdiction while Hutchinson's appeal is pending, the Court will issue an indicative ruling that it will grant Plaintiffs' Motion to Dismiss if the Eighth Circuit remands for that purpose.

### BACKGROUND

The Plaintiffs in this action are journalists and members of the news media who accuse various law enforcement officials and agencies of violating their civil rights while reporting on the protests following the police killings of George Floyd and Daunte Wright. *See Goyette v. City of Minneapolis*, No. 20-1302, 2023 WL 6279370, at *1 (D. Minn. Sept. 26, 2023).  As relevant to this motion, Plaintiffs named then-Hennepin County Sheriff David Hutchinson as a defendant in both his individual and official capacity.  (*See* 3d Am. Class Action Compl. at 1, Sept. 28, 2021, Docket No. 227.)  The Court denied Hutchinson's motion for summary judgment on both the individual and official capacity actions.  *See Goyette*, 2023 WL 6279370, at *4–8.  The Court denied Hutchinson qualified immunity on a subset of the individual capacity claims.  *Id.* at *6.

-2-

Appellate Case: 23-3190     Page: 2     Date Filed: 07/12/2024 Entry ID: 5412858

Hutchinson filed an interlocutory appeal of the denial of qualified immunity and "intertwined legal issues" implicating the official capacity action. (Notice of Appeal, Sept. 28, 2023, Docket No. 539.) Plaintiffs then moved to voluntarily dismiss their individual capacity action against Hutchinson so that the case can proceed to trial on the official capacity claims without interlocutory review of the qualified immunity order. (Pl.'s Mem. Supp. Mot. Dismiss at 4, Nov. 16, 2023, Docket No. 558.) Hutchinson opposes the Motion to Dismiss.

## DISCUSSION

### I.   JURISDICTION

"Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014) (quoting *State ex. rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999)). However, a district court is not divested of jurisdiction over matters collateral to an appeal. *Id.* at 648. In cases where the Eighth Circuit has approved collateral jurisdiction, the issues have been truly tangential to the disposition of the case—attorney's fees, sanctions, unsealing of records, and the like. *See, e.g.*, *Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998); *FutureFuel*, 756 F.3d at 648.

Unlike those kinds of issues, the matters underlying the pending Motion to Dismiss are not "independent of the disposition of the merits of the case." *FutureFuel*, 756 F.3d at 648 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 n.* (4th Cir. 1988)). Although the legal tests for voluntary dismissal and the merits of qualified immunity are

-3-

different, any action the Court takes on this Motion may affect the pending appeal—most notably, by rendering the issues on appeal moot.  Accordingly, the Court concludes that it does not have jurisdiction to adjudicate the Plaintiffs' Motion to Dismiss.[1]

## II.   INDICATIVE RULING

Because the Court lacks jurisdiction, it may (1) defer consideration of Plaintiffs' Motion to Dismiss; (2) deny the Motion; or (3) issue an indicative ruling informing the Eighth Circuit that it will grant the Motion on remand.  Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1.  The third option is appropriate here.

Courts have broad discretion to grant voluntary motions to dismiss after considering such factors as "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants."  *Retz v. Seaton*, 741 F.3d 913, 917 (8th Cir. 2014).  Hutchinson argues the Court should deny Plaintiffs' Motion to Dismiss because Federal Rule of Civil Procedure 41(a) may not be used for piecemeal dismissals of claims within a larger action.  *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir.

---

[1] Plaintiffs also argue that the Court has jurisdiction because Hutchinson's appeal is frivolous.  Frivolity is for the Eighth Circuit to decide, not the Court.  *See Johnson v. Hay,* 931 F.2d 456, 459 n.2 (8th Cir. 1991) ("Once a notice of appeal has been filed in a case in which there has been denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand. . . .  If the appeal is utterly lacking in merit and for the purpose of delay only, this court may take appropriate action.").

Appellate Case: 23-3190   Page: 4   Date Filed: 07/12/2024 Entry ID: 5412858

2023).[2]  But Plaintiffs do not seek to dismiss only certain claims; rather, they seek to dismiss all claims against Hutchinson in his individual capacity.  That is permissible.  *Rosell*, 67 F.4th at 1144 n.2 ("Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*."); *cf. Retz*, 741 F.3d at 917 (approving voluntary dismissal of official capacity claims while individual capacity action proceeded).

Hutchinson's remaining arguments against voluntary dismissal are more properly considered by the Eighth Circuit than the Court.  Hutchinson accuses Plaintiffs of gamesmanship, using voluntary dismissal of the individual capacity claims to improperly dodge interlocutory review of the official capacity claims.[3]  But all the Court's indicative ruling signals is that it will grant the Motion on remand.  Fed R. Civ. P. 62.1.  Whether and when to remand remains a question for the Eighth Circuit.  Fed. R. App. P. 12.1.  The Eighth Circuit may, of course, hold the case for interlocutory resolution on the merits if it so desires.

---

[2] *See also Gobbo Farms & Orchards v. Poole Chem. Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) (collecting cases); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (same).

[3] Although Hutchinson argues that it will be more efficient to allow the Eighth Circuit to review the plausibility of the official capacity claims before proceeding to trial, he ignores the general rule against interlocutory review.  It may frequently be more efficient from a district court's perspective to allow appellate review of pretrial orders, but that is not the judicial system that Congress designed.  *See* 28 U.S.C. § 1292.  Hutchinson only has an interlocutory right of review because the Court denied qualified immunity on the individual capacity action.  Because Plaintiffs are willing to abandon those claims, that right is diminished.

-6-

Finally, because Plaintiffs move for voluntary dismissal with prejudice and there are no exceptional circumstances, the Court intends to grant the Motion without awarding costs or fees to Hutchinson.  *See Lisec Am., Inc. v. Wiedmayer*, No. 05-1082, 2006 WL 8444949, at *2 (D. Minn. Aug. 23, 2006) (citing *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* Civil § 2366 (2d ed. 1995 & supp. 2006)).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Voluntarily Dismiss with Prejudice Individual Capacity Claims Against Defendant Sheriff Hutchinson and for Indicative Ruling [Docket No. 557] is **GRANTED in part and DENIED in part** as follows:

1.  The Court lacks jurisdiction to grant Plaintiffs' Motion to Dismiss; and

2.  The Court will grant Plaintiffs' Motion to Dismiss if the Eighth Circuit remands for that purpose pursuant to Fed. R. Civ. P. 62.1 and Fed. R. App. P. 12.1.

DATED:  July 11, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

-6-